# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRUCE DARNELL DOTSON II, #1432340 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-744 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* petitioner Bruce Darnell Dotson II's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). The Magistrate Judge entered a report and recommendation that the case be dismissed without prejudice. (Dkt. #7). Dotson timely filed objections. (Dkt. #9). The Court, having conducted a *de novo* review of the writ and the record, adopts the Report and Recommendation, dismisses the case without prejudice for lack of jurisdiction, and sets out its reasoning as follows.

### I. BACKGROUND

Petitioner Dotson was found guilty of aggravated robbery and sentenced to twenty-one years of imprisonment in Texas state court. *See Dotson v. State*, No. 05-07-00509-CR, 2008 WL 1724295, at *1 (Tex. App.—Dallas Apr. 15, 2008, no pet.); *State v. Dotson*, No. 054649–15 (15th Dist. Ct., Grayson County, Tex. Mar. 8, 2007). Dotson did not file a Petition for Discretionary Review. Instead, Dotson filed a state writ of habeas corpus in the Texas Court of Criminal Appeals ("CCA"), which was denied without written order or hearing based on the trial court's findings. *See Dotson v. State*, No. WR-71,310-03 (Tex. Crim. App. Aug. 12, 2009), *available at* http://search.txcourts.gov/Case.aspx?cn=WR-71,310-03&coa=coscca; *see also* (Dkt. #1 at 3–4).

Dotson has also filed numerous federal habeas petitions pursuant to 28 U.S.C. § 2254 attacking his conviction. Dotson's first two federal habeas petitions were dismissed for failure to

exhaust available state remedies or otherwise demonstrate special circumstances. *See Dotson v. Dir., TDCJ-CID*, No. 4:09-CV-133, 2009 WL 2358361 (E.D. Tex. July 30, 2009); *Dotson v. Dir., TDCJ-CID*, No. 4:06-CV-422, 2007 WL 1002140 (E.D. Tex. Mar. 29, 2007).

On August 25, 2009, Dotson filed his third federal habeas petition attacking his conviction, bringing claims of ineffective assistance of counsel, coercion of accomplice's confession, impermissible admission of evidence, coercion of accomplice's testimony at trial, failure to be provided a copy of the appellate record, and legal and factual insufficiency of the evidence to support the conviction. *See Dotson v. Dir., TDCJ-CID*, No. 4:09-CV-417, 2012 WL 3727407 (E.D. Tex. Aug. 27, 2012), *report and recommendation adopted*, No. 4:09-CV-417 (E.D. Tex. Sept. 28, 2012) (Dkt. #34). The petition was denied on two grounds. His claims of coercion of accomplice's confession, impermissible admission of evidence, coercion of accomplice's testimony at trial, and legal and factual insufficiency of the evidence were procedurally barred because the CCA denied them due to procedural default. *See id.* at *4 (citing *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005)). His claims of ineffective assistance of counsel and legal and factual insufficiency of the evidence were denied as meritless. *See id.* at *5–*15. Dotson's case was dismissed with prejudice. *Dotson v. Dir., TDCJ-CID*, No. 4:09-CV-417 (E.D. Tex. Sept. 28, 2012) (Dkt. #34).[1]

Dotson has again filed a federal habeas petition attacking various aspects of his state-court conviction. The petition alleges claims of lack of subject-matter jurisdiction, failure to be provided a copy of the appellate record, impermissible admission of "tainted" evidence at trial, trial-court misconduct, and ineffective assistance of counsel. (Dkt. #1).

---

[1] Dotson has filed two other federal habeas petitions, neither of which are relevant here. *See Dotson v. United States*, No. 6:14-CV-060, 2016 WL 3180195 (E.D. Tex. June 6, 2016); *Dotson v. Dir., TDCJ-CID*, No. 6:13-CV-889, 2014 WL 120005 (E.D. Tex. Jan. 13, 2014). Unlike the other habeas petitions, these petitions attacked prison disciplinary cases, not his state-court conviction. Both were denied.

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244(b). Under Fifth Circuit precedent, a "prisoner's application is not second or successive simply because it follows an earlier federal petition." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (internal quotation marks omitted)). A "later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* at 836–37 (quoting *In re Cain*, 137 F.3d at 235 (internal quotation marks omitted)).

"Before a second or successive application permitted [under AEDPA] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "If a second or successive application is filed in a district court without authorization by the court of appeals, the district court must dismiss the application." *Parker v. Davis*, 914 F.3d 996, 998 (5th Cir. 2019) (per curiam) (citing *Magwood v. Patterson*, 561 U.S. 320, 331, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010)); *accord Crone*, 324 F.3d at 836 ("[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one.") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (internal quotation marks omitted)).

## III. DISCUSSION

Dotson's pending federal habeas petition primarily seeks relief from his underlying state-court conviction. But Dotson has already filed a federal habeas petition challenging the same

conviction, which was denied as procedurally barred and meritless. *See Dotson v. Dir., TDCJ-CID*, No. 4:09-CV-417, 2012 WL 3727407 (E.D. Tex. Aug. 27, 2012), *report and recommendation adopted*, No. 4:09-CV-417 (E.D. Tex. Sept. 28, 2012) (Dkt. #34).

Many of the claims within Dotson's pending federal habeas petition were previously presented within his prior petition, including ineffective assistance of counsel, failure to be provided a copy of the appellate record, and trial-court misconduct. *Compare* (Dkt. #1), *with Dotson v. Dir., TDCJ-CID*, No. 4:09-CV-417 (E.D. Tex. Aug. 25, 2009) (Dkt. #1). The remaining claims, lack of subject-matter jurisdiction and impermissible admission of "tainted" evidence at trial, could have been previously presented in Dotson's prior habeas petition. Therefore, Dotson's federal habeas petition is successive under AEDPA. *See Crone*, 324 F.3d 833, 836–38.

Because Dotson's petition is successive, he must have obtained authorization from the Fifth Circuit to file his petition before this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *Parker*, 914 F.3d at 998. The record provides no evidence that he obtained such authorization. Therefore, this Court does not have jurisdiction over his petition.

### IV. CONCLUSION

Dotson's objections are **OVERRULED**. (Dkt. #9). It is therefore **ORDERED** that Dotson's writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **DISMISSED without prejudice** for lack of jurisdiction. (Dkt #1). A certificate of appealability is **DENIED**.

**So ORDERED and SIGNED this 28th day of February, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE